[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Steven Moran, Esq., Assistant Public Defender for Petitioner
Gerard Eisenman, Assistant State's Attorney for the State
BY THE DIVISION
The petitioner seeks our review of a sentence of fourteen years, suspended after eight to serve with five years probation. The petitioner was convicted at trial by jury of Conn. Gen. Stats. 53a-134 (b)(3), Robbery First Degree and Assault Third Degree in violation of Conn. Gen. Stats. 553a-61.
Evidence at trial indicates that petitioner was involved in a robbery in Bridgeport with two other males. The petitioner held a knife to the victim's neck demanding money, threatening to cut the victim's throat if he didn't give him his money. It was further claimed that the petitioner kicked the petitioner while he was on the ground. As a result of the robbery the victim sustained abrasions to his left hand and left side of the face, lacerations to his lip, and a dislocation of two joints of the left thumb. CT Page 9502
At the hearing, petitioner's attorney stressed that this was not a severe beating and that the petitioner's role was minimal in the incident. Further, that the petitioner had a minor criminal record, that he had a work history and that his past employer spoke highly of him and was impressed by his conduct.
Petitioner, speaking in his own behalf, claimed his innocence and pointed out to the division that he was never identified. He stressed that he wished to be with his nine-year old son, and his mother who was experiencing medical problems.
The state's attorney argued that the involvement of petitioner was more than minimal, in that he was identified as the person who put the knife to the throat of the victim. The evidence also showed that the victim's beating was fairly severe. Counsel indicated that petitioner had a prior record and that the petitioner was on probation for a drug offense at the time of the crime.
In reviewing the sentencing transcript the judge took into consideration the whole life of the petitioner. He felt that the petitioner chose to follow the law of the street rather than the traditional rule of law. The court felt that he never learned to become a productive human being and that the sentence may get his attention.
A reading of the court remarks shows that the sentence imposed was neither inappropriate nor disproportionate. The crime was serious and the court exercised its authority properly. The sentence is affirmed.
Klaczak, J.
Norko, J.
Stanley, J.
Klaczak, J., Norko, J. and Stanley, J., participated in this decision.